UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DirecTV, Inc.,

                Plaintiff,

                                      Civ. No. 04-3851 (RHK/AJB)
                                      **ORDER**

v.

Carlos L. Morgan,

                Defendant.

---

On October 7, 2004, the parties to the above-entitled action reached a settlement before Magistrate Judge Boylan. (Helgen Aff. ¶ 3.) On October 8, 2004, the undersigned entered the following Order of Dismissal:

> The Court having been advised that the above action has been settled, the parties needing additional time to finalize a settlement agreement,
> IT IS HEREBY ORDERED that this action is dismissed with prejudice, the Court retains jurisdiction for sixty (60) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

(Doc. No. 11.) The Order of Dismissal did not incorporate the terms of the settlement and the Court only retained jurisdiction for sixty days.

On May 23, 2005, DirecTV provided the Court with several documents. The first pertinent document is a Settlement Agreement and Release which provides that Mr. Morgan will pay DirecTV $2,000 and will agree to execute a stipulated Consent to Judgment for $2,000 in the event of his breach. Although the Settlement Agreement is signed, it is not

dated; rather, it is stamped "RECEIVED" by DirecTV's counsel on November 8, 2004. (Helgen Aff. Ex. A.)  The second pertinent document is the Consent to Judgment signed and dated by Mr. Morgan on November 2, 2004.  This document "authorize[s] the entry of a judgment in the amount of [$2,000] in favor of plaintiff DIRECTV, Inc., if I materially breach paragraph '1. Payment' of the Settlement Agreement and Plaintiff files an Affidavit of Breach of Settlement Agreement indicating that I have not fulfilled my monetary obligations under the Settlement Agreement."  (Doc. No. 12.)  The third is the Affidavit of Henry M. Helgen, III, stating that Mr. Morgan has breached the Settlement Agreement. (Helgen Aff. ¶¶ 4-6.)  The final document is a proposed Order For Judgment By Consent requesting that judgment be entered against Mr. Morgan in the amount of $2,000.[1]

In the Court's view, DirecTV is seeking an order enforcing the Settlement Agreement.  However, the Court determines that it lacks subject matter jurisdiction over the matter.  Issues of subject matter jurisdiction can be raised at any time, even by the Court.  See, e.g., Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993). Federal courts are courts of limited jurisdiction and parties may not expand the court's jurisdiction by waiver or consent.  See 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003).  Enforcement of a settlement agreement by a court with jurisdiction over the underlying dispute is appropriate only where the agreement "had been made part of the order of dismissal."  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375,

---

[1] On May 25, 2005, the Court signed and then vacated the proposed Order For Judgment By Consent.  (See Doc. Nos. 15, 16.)

381 (1994). This can be accomplished in two ways. First, the court's dismissal order may incorporate the settlement agreement. Second, the court may explicitly retain jurisdiction over the settlement agreement. Hayden & Assocs., Inc. v. ATY Bldg. Sys., Inc., 289 F.3d 530, 532 (8th Cir. 2002). In this case, however, the Order of Dismissal did not incorporate the Settlement Agreement,[2] and while the Court retained jurisdiction for sixty days, that time has long since passed. Accordingly, because there is no subject matter jurisdiction, DirecTV's request for an Order For Consent By Judgment is **DENIED**. See 4:20 Communications, 336 F.3d at 778-79; Hayden, 289 F.3d at 532-33; Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127-28 (8th Cir. 1995).

Dated: May 26, 2005                               s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge

---

[2] Nor could it have incorporated the terms of the Settlement Agreement, given the timing of the Order of Dismissal (October 8, 2004) and the apparent timing of the Settlement Agreement (undated but received by DirecTV's counsel on November 8, 2004) and the Consent to Judgment (signed November 2, 2004).